Dear Mr. Bellard:
We are in receipt of your request for an Attorney General's opinion regarding pay raises given to the employees of the City of Opelousas. Specifically, you have requested our opinion on the following questions:
 1. If the City gave all city employees a $.50 across the board raise, were they suppose to prorate the Fire Department's pay in accordance with R.S. 33:1992?
 2. The City raised the firefighter's base pay by $.50 an hour, the operator's base pay by $.55 an hour, the captain's base pay by $.63 an hour, the assistant chief's base pay by $.75 an hour, and the chief's base pay by $.87 an hour. Is it legal for the City to give all fire department employees, including operators, captains, assistant chiefs, and the chief a flat $.50 an hour raise, as this will not coincide with the civil service law pertaining to salary percentages (R.S. 33:1992)?
R.S. 33:2471 et seq. sets forth the fire and police civil service laws for municipalities between 13,000 and 250,000. The City of Opelousas has a population of approximately 18,000, and therefore, said laws apply. R.S. 33:2477 sets forth the duties of the civil service board, and provides:
The Board shall:
* * *
 (8) Adopt and maintain a classification plan. The classification plan shall be adopted and maintained by rules of the board.
* * *
State law does not provide authority for fiscal or budgetary matters to be handled by the civil service board, as the duties of the board make no mention of a pay plan. (See, Atty.Gen.Op. No. 94-305, enclosed herein.) Instead, the duties of the board include only the classification of employees and other personnel matters. Accordingly, it is our opinion that the Opelousas Fire and Police Civil Service Board has no authority to review the legality of a pay raise given by the local governing authority. R.S. 33:1992 provides for differential pay of firemen, and if the city has violated said provisions by providing for a flat $.50 pay raise across the board, the appropriate remedy would be a suit for mandamus in a court of competent jurisdiction.
If we can be of further assistance in this matter, please advise.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
ARL/pb Enclosure cc: Paul Daly